

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,762-02

### EX PARTE LOUIS ADAM CAUDILL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 11627-B IN THE 115TH DISTRICT COURT
### FROM UPSHUR COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with a child and sentenced to six years' imprisonment. He did not appeal his conviction.

In three grounds, Applicant contends that trial counsel rendered ineffective assistance. The trial court held a live evidentiary hearing, made findings of fact and conclusions of law, and recommended that we set aside Applicant's conviction. We believe that the record should be further developed and that the trial court should make findings of fact and conclusions of law on whether Applicant's claims should be barred by the doctrine of laches.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall give Applicant an opportunity to respond and explain his delay in raising his ineffective assistance of counsel claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold another hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing Applicant's response, if any, the trial court shall make further findings of fact and conclusions of law as to whether Applicant's claims should be barred by the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 11, 2018
Do not publish